Nicholas M. Pette, J.
Motion by plaintiff for leave to reargue defendant’s motion to dismiss the complaint as barred by the Statute of Limitations. In addition, plaintiff moves also for a trial by jury. As to the latter motion plaintiff could automatically demand a jury at the time he files his note of issue if this action is not dismissed. Accordingly, the motion for a trial by jury is denied as academic. Reargument of the motion to dismiss the complaint is granted.
The complaint alleges acts of malpractice occurring in 1952. The Statute of Limitations in malpractice actions is two years (Civ. Prac. Act, § 50). Since plaintiff was an infant at the time the cause of action arose his time within which to commence the action was extended by the period of his disability, *735 that is, until two years after he became of age (Civ. Prac. Act, § 60), namely, July 26, 1956. The summons and complaint were not served until September, 1956 which was too late.
On this reargument plaintiff alleges (1) that he had complained of defendant to various medical grievance committees, as well as to the Governor of the State of New York, before the expiration of the time to start suit, and (2) that he filed his complaint on July 25, 1956, one day before his time expired. Plaintiff was apparently under the impression that filing the complaint constituted commencement of the action which, of course, is not the fact. ‘ ' A civil action is commenced by the service of a summons ” (Civ. Prac. Act, § 218).
Nor does it avail plaintiff that he had made earlier complaints to various other governmental agencies. This court has no power to extend the time within which an action at law may be commenced.
Plaintiff further alleges, however, that on July 25, 1956, he hired a process server to serve the defendant, but that defendant was on a trip to Europe at the time and service was not effected until September 25, 1956. It appears that defendant was absent from the State from June 15, to August 1, 1956. Since the period of his absence was less than four months it did not extend plaintiff’s time to commence the action (Civ. Prac. Act, § 19). Plaintiff could have extended his own time for 60 days by delivering the summons to the Sheriff, during which time he could have commenced service by publication or effected substituted service (Civ. Prac Act, § 17). Since plaintiff is acting as his own attorney, it is understandable that he may not be familiar with all these provisions of the Civil Practice Act. This court, however, is powerless to extend the time within which a suit may be brought. The court must, therefore, adhere to its original decision. Submit order.